UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES CARROLL,** | Civil Action No. 15-6190 (MAS)(LHG) |
| Plaintiff, | |
| v. | |
| **NORTHLAND GROUP, INC.**, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST <u>AMENDED COMPLAINT</u>** |
| Defendant. | |

This matter is opened to the Court by way of a Motion for Leave to File a First Amended Complaint pursuant to Federal Rule 15 (the "Motion"), filed by Plaintiff James Carroll, on behalf of himself and all others similarly situated ( "Plaintiff"). [Docket Entry Number 18]. Opposition to the Motion was filed by Defendant Northland Group, Inc. ("Defendant") [Docket Entry Number 16], and Plaintiff filed a reply brief on June 16, 2016 ("Reply"). [Docket Entry Number 20]. The Court decides this Motion on the papers submitted, without oral argument, pursuant to Federal Rule of Civil Procedure 78.

I.    BACKGROUND[1]

This case relates to Defendant's attempt to collect a debt incurred by Plaintiff. On January 19, 2015, Defendant sent Plaintiff a collection letter that stipulated several payment options by which Plaintiff could settle the account for $4,774.20, although the letter stated that these payment options were not the only options available. Proposed First Amended Complaint ("PFAC"), attached as Exhibit A to Docket Entry No.18, ¶28. Plaintiff asserts that Defendant was attempting to collect a debt that was beyond the applicable statute of limitations. PFAC ¶29.

---

[1] For the purposes of this decision, the Court treats the facts as alleged in the Proposed First Amended Complaint as true. The Court also assumes the parties' familiarity with the factual background of this case and therefore reviews only the facts pertinent to the decision.

1

By including various partial payment options in the debt collection letter, and failing to apprise Plaintiff that even a minimum partial payment to Defendant could reset the statute of limitations, Plaintiff claims Defendant violated Sections 1692e and 1692f of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). PFAC ¶¶51–53. Plaintiff filed suit on August 12, 2015 alleging these FDCPA violations.

The undersigned conducted an Initial Conference in this matter on January 22, 2016, at which the claims regarding the statute of limitations were discussed at length. In particular, the Court addressed with counsel what the applicable statute of limitations was, when it began to run and when it expired, particularly given that the date of last payment alleged in the Complaint was less than six years before the collection letter at issue was sent. Plaintiff's counsel posited at the conference that the right to sue on the debt accrued, and therefore the statute of limitations began to run, before that last payment. These issues were not resolved at the Initial Conference but led Plaintiff's counsel to indicate he intended to seek leave to amend the Complaint.[2]

Plaintiff's proposed amendment would reconfigure the circumstantial details provided for the alleged FDCPA violations. Plaintiff's Letter Brief in Support of a Motion to Amend Complaint ("Plaintiff's Brief") [Docket Entry No. 18]. Most pertinent to this decision is Plaintiff's assertion in his initial Complaint that the last payment on the WAMU obligation was made on or about April 28, 2009. The PFAC, however, omits this fact.

---

[2] As is typically done, the Initial Conference was conducted in Chambers and off the record. Plaintiff seems to take umbrage with Defendant's reference to the discussion at that conference, referring to it as a "private conversation between counsel." Reply at 1. To the contrary, these were not private conversations but were discussions of the case at which the undersigned and counsel were present and participated.

II.     PARTIES' ARGUMENTS

    A.     PLAINTIFF

Plaintiff contends that the legal theory pleaded in the PFAC is the same as that pleaded in the Complaint: that Defendant violated Sections 1692e and 1692f of the FDCPA by seeking to collect on a debt as to which the statute of limitations had already expired without giving proper notification of that fact. Plaintiff's Brief at 2. The proposed amendment would not change the underlying theory.

Plaintiff also argues that the PFAC was neither unduly delayed nor brought in bad faith, and notes that Defendant bears the burden of showing any undue prejudice. Plaintiff's Brief at 2–3. With regard to undue delay, Plaintiff argues that his PFAC was presented prior to discovery or any dispositive motion. *Id*.

On reply, Plaintiff criticizes Defendant for not challenging the sufficiency of the original Complaint by filing a motion to dismiss, and then focuses largely on distinguishing the cases relied upon by Defendant. *See* Reply.

    B.     DEFENDANT

Defendant's opposition is based on futility, rather than delay or prejudice. Defendant points out that Plaintiff's entire claim as amended would be based on the conclusory allegation that the subject unpaid account balance was in default and past the statute of limitations when Defendant's January 19, 2015 letter was mailed. Defendant's Letter Brief in Opposition ("Opposition") at 1 [Docket Entry No. 16]. As a result, Defendant argues that Plaintiff has failed to present any factual allegations regarding what caused the subject account balance to allegedly go into default and what the applicable statute of limitations period is. *Id*. at 2. Thus, Defendant claims that Plaintiff fails to state a claim for relief that is plausible on its face. *Id*. at 3.

Defendant further asserts that the PFAC does not make the amendments Plaintiff's counsel represented he would make during the Initial Conference. Opposition at 3. Defendant argues that instead, and without any explanation, Plaintiff seeks to omit the facts contained in paragraphs 17, 18, and 19 of the original Complaint, which recited the month the debt was "declared to be in default" and the date when Plaintiff made his last payment. *Id.* Defendant states "[i]t is obvious that Plaintiff, after making a factual admission that is fatal to his claim, is attempting to erase recitation of this fact in order to create the impression (at least on paper) that he has a viable claim." *Id*. (citation omitted). Defendant argues that the date set forth in the original Complaint makes clear that the statute of limitations did not in fact run before the letter was sent, and contends that Plaintiff should not be allowed to simply delete that date from the pleading. Defendant cites a number of cases supporting the proposition that a party is bound by facts in his or her pleading. Opposition at 3–4. Therefore, Defendant argues that Plaintiff is engaging in an artful omission of fact that suggests bad faith. *Id*.

III.     LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs when a party may amend a pleading. Subsection (a)(1) provides that a party may amend once as a matter of course within a specified limited time. After such time has passed, a party must seek the written consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). The rules concerning amendment are generally designed to "ensure that an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). It is axiomatic that leave to file an amended complaint should be freely given, unless the Court finds any delay in seeking the amendment is undue, the amendment would prejudice the non-moving party or would be futile,

or the movant is found to have a dilatory motive. *See Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984); *see also* Rule 15(a) of the Federal Rules of Civil Procedure.

In determining the futility of a proposed amendment, the court must apply the same standard of legal sufficiency as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468–69 (D.N.J.1990) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d ed. 1990); *see also Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir. 1983) ("Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.").

When faced with a motion to dismiss for failure to state a claim, the court conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court "tak[es] note of the elements a plaintiff must plead to state a claim." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Then, the court accepts as true all of the plaintiff's well-pleaded factual allegations and construes the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In so doing, the court disregards any conclusory or factually unsupported accusations. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Finally, a court "determine[s] whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A plausible claim is one which "allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

IV.     DISCUSSION

In his letter brief in support of the Motion, Plaintiff argues that there is no undue delay or bad faith; he mentions but does not address futility, nor does he do so in his Reply. Even more curious, in neither his Motion nor in the Reply does he ever say what the amendment is (as opposed to what it is not) or explain why it is necessary. The Court is therefore left to look at the PFAC to assess what the proposed amendments are.

The PFAC changes and adds a number of allegations. Given that Plaintiff has not addressed any of the proposed changes, the Court focuses on those factual changes highlighted by Defendant. Specifically, Plaintiff seeks to omit the facts contained in paragraphs 17, 18, and 19 of the original Complaint, which recite that "prior to April 28, 2009, Plaintiff allegedly incurred a financial obligation to Washington Mutual Bank, N.A. ('WAMU')," Complaint ¶17; that the obligation was "declared to be in default" in or about February 2009, Complaint ¶18; and that Plaintiff made his last payment on that debt "on or about April 28, 2009." Complaint ¶19. By way of the proposed amendment, the PFAC would simply say that sometime in December 2008, the note was in default. PFAC ¶18. Plaintiff also seeks to remove 2009 dates from ¶¶17 and 19, and to replace those dates with 2008 dates. As noted, Plaintiff gives no explanation whatsoever for the proposed changes in either his moving papers or his reply.

Defendant does not challenge the proposed amendment based on delay or prejudice but rather focuses on futility under Rule 15. Accordingly, the Court turns to whether the PFAC passes muster under the futility standard.

Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f by sending a collection letter on a time-barred debt without the proper notifications. Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Further, Section 1692f prohibits unfair practices and states in part that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

As set out in the Legal Standard section of this decision, *supra*, the test for determining plausibility of the claims of a complaint on a motion to dismiss applies equally in determining the sufficiency of a proposed amended complaint.[3] The Court therefore considers whether, after putting aside conclusory and factually unsupported allegations, the PFAC presents a plausible claim. The Court finds it does not.

Plaintiff has not set forth in the PFAC sufficient factual information to show how the debt was time-barred when the January 19, 2015 letter was sent. *See Johns v. Northland Group, Inc.*, 76 F. Supp. 3d 590, 595 (E.D. Pa. 2014). The PFAC does not provide the minimal factual information one would need, such as the date of the triggering event that gave rise to the right to sue on the underlying debt, here presumably the last payment made prior to default. Nor does it assert when the statute of limitations actually expired, or indeed, what the applicable statute of limitations is. With the amendment, and his proposed removal of specific dates, Plaintiff simply alleges in conclusory fashion that "[t]he applicable statute of limitations related to the WAMU

---

[3] Plaintiff attempts to distinguish authority cited by Defendants as to futility on the basis that they are decisions on motions to dismiss and are therefore decided under a different standard. Reply at 2. The Court notes this is incorrect as a matter of law: "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

obligation expired prior to January 19, 2015." PFAC ¶ 29.  This conclusory statement, without more, fails to meet the pleading standard set by the Supreme Court in *Iqbal* and interpreted by the Third Circuit.  *Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."); *see also Malleus*, 641 F.3d at 563 ("[T]he court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' ")(quoting *Iqbal*).  The Court therefore finds the PFAC is futile.

Defendant separately argues that Plaintiff cannot be allowed to eliminate a fact, once pleaded, simply because it would tend to disprove Plaintiff's claim.  Plaintiff never responds to Defendant's argument that a party is bound by facts he has pleaded.  The Court need not reach the issue of so-called "judicial admissions," given that it has already denied leave to amend based on futility.

V. CONCLUSION

For the reasons set forth above, and for good cause shown:

**IT IS** on this **14th** day of **November, 2016,**

**ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint [Docket Entry No. 18] is DENIED.

**LOIS H. GOODMAN**
**United States Magistrate Judge**

8